**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HENRY CHURCH VI, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GLENCORE PLC, IVAN GLASENBERG, and STEVEN KALMIN,<br><br>Defendants. | Case No:<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS<br><br>JURY TRIAL DEMANDED |

Plaintiff Henry Church VI ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Glencore plc ("Glencore" or the "Company"), and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

1

## NATURE OF THE ACTION

1.  This is a class action on behalf of persons or entities who purchased or otherwise acquired publicly traded Glencore securities from September 30, 2016 through July 2, 2018, inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2.  The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

3.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and Section 27 of the Exchange Act (15 U.S.C. §78aa).

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) as the alleged misstatements entered and the subsequent damages took place in this judicial district.

5.  In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.  Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased Glencore securities during the Class Period and was economically damaged thereby.

7. Defendant Glencore engages in the production, refinement, processing, storage, transport and marketing of metals and minerals, energy products, and agricultural products worldwide. Glencore is incorporated in Jersey, United Kingdom, with headquarters in Baar, Switzerland. Glencore operates mines in the Democratic Republic of Congo ("DRC"). Glencore's common stock trades on the OTC Exchange ("OTC") under the ticker symbols "GLCNF" and "GLNCY."

8. Defendant Ivan Glasenberg ("Glasenberg") has served as the Company's Chief Executive Officer ("CEO") throughout the Class Period.

9. Defendant Steven Kalmin ("Kalmin") has served as the Company's Chief Financial Officer ("CFO") throughout the Class Period.

10. Defendants Glasenberg and Kalmin are collectively referred to herein as the "Individual Defendants."

11. Each of the Individual Defendants:

   (a) directly participated in the management of the Company;

   (b) was directly involved in the day-to-day operations of the Company at the highest levels;

   (c) was privy to confidential proprietary information concerning the Company and its business and operations;

   (d) was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

   (e) was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

    (f)    was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

    (g)    approved or ratified these statements in violation of the federal securities laws.

12.    Glencore is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

13.    The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to Glencore under *respondeat superior* and agency principles.

14.    Defendants Glencore and the Individual Defendants are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Materially False and Misleading Statements

15.    On September 30, 2016, *Bloomberg* published an article stating that Glencore was reviewing allegations involving the bribery of officials in the DRC said to implicate its business partner. The article provides that Glencore "takes ethics and compliance very seriously[,]" stating in relevant part:

> **Glencore Reviewing Bribery Allegations Said to Involve Gertler**
> By Franz Wild[,] Jesse Riseborough
> *Updated on* 11 October 2016, 7:47 AM
> *Published on* 30 September 2016, 8:15 AM
>
> (Bloomberg) -- Glencore Plc, the world's biggest commodity trader, is reviewing allegations by U.S. authorities regarding the bribery of officials in the Democratic Republic of Congo said to implicate its partner, Israeli billionaire Dan Gertler.
>
> Some of Gertler's projects in Congo were funded by Och-Ziff Capital Management Group LLC, which on Thursday agreed to pay more than $400 million to settle a U.S. investigation that it committed bribery violations in Africa. Och-Ziff's partner

in Congo paid $100 million in bribes to government officials over a 10-year period to win access to mining assets, according to an agreement between Och-Ziff and the U.S. Justice Department.

That partner was Gertler, according to a person with knowledge of the matter, who asked not to be identified because the matter is private.

***"We are aware of the matter and the allegations," Glencore said in an e-mailed statement on Friday. "Glencore takes ethics and compliance very seriously and is considering this information."***

None of the allegations relate to projects involving Glencore and the company hasn't been accused of any wrongdoing. Gertler has not been charged with any crime and disputes the allegations.

(Emphasis added.)

16. On March 2, 2017, Glencore issued its annual report, which provided its financial results and position for the fiscal year ended December 31, 2016 (the "2016 Annual Report"). The 2016 Annual Report was signed by Defendant Glasenberg. The 2016 Annual Report provides Glencore's policy as to complying with corruption laws, stating in relevant part:

> We are committed to complying with or exceeding the laws and external requirements applicable to our operations and products. Through this and monitoring of legislative requirements, engagement with government and regulators, and compliance with applicable permits and licences, we strive to ensure full compliance. We also seek to manage these risks through the Glencore Corporate Practice (GCP) programme. Its practical application across our business is detailed in our code of conduct (www.glencore.com/who-we-are/our-values/policies/) and this framework is reflected in our sustainability reports. The Group's anti-corruption policy may also be found at: www.glencore.com/who-we-are/our-values/policies/.

17. On March 2, 2018, Glencore issued its Annual Report, which provided its financial results and position for the fiscal year ended December 31, 2017 (the "2017 Annual Report"). The 2017 Annual Report was signed by Defendant Glasenberg. The 2017 Annual Report provides Glencore's policy as to corruption, stating in relevant part:

> We seek to maintain a culture of ethical behaviour and compliance throughout the Group, rather than simply performing the minimum required by laws and

5

regulations. We will not knowingly assist any third party in breaching the law, or participate in any criminal, fraudulent or corrupt practice in any country.

\* \* \*

**Bribery and corruption**
Glencore's Global Anti-Corruption Policy . . . contains our clear position on bribery and corruption: the offering, paying, authorising, soliciting or accepting of bribes is unacceptable. We conduct analysis for corruption risks within our businesses and seek to address these risks through policies and procedures, training and awareness raising, monitoring and controls.

18.  The statements contained in ¶¶15-17 were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Glencore's conduct would subject it to heightened scrutiny by U.S. and foreign government bodies resulting in investigations into the Company's compliance with money laundering and bribery laws, as well as the Foreign Corrupt Practices Act; and (2) as a result, Defendants' statements about Glencore's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis at all relevant times.

## THE TRUTH BEGINS TO EMERGE

19.  On May 18, 2018, *Bloomberg* reported that the U.K.'s Serious Fraud Office was preparing to open a formal bribery investigation into Glencore. The article states, in relevant part:

**Glencore May Face U.K. Bribery Probe Over Congo Dealings**
By Franz Wild and Suzi Ring
May 18, 2018, 8:16 AM EDT
Updated on May 18, 2018, 1:53 PM EDT

The U.K.'s white-collar crime prosecutor is preparing to open a formal bribery investigation into Glencore Plc and its work with Israeli billionaire Dan Gertler and the leader of Democratic Republic of Congo, according to two people with knowledge of the matter.

6

> Investigators at the Serious Fraud Office plan to seek formal approval for a full probe into Glencore's dealings in Congo, said the people, who declined to be identified because the matter isn't public.
>
> \* \* \*
>
> U.S. hedge fund manager Och-Ziff Capital Management LLC, which funded some of Gertler's operations in Congo, admitted in 2016 to having conspired to bribe Congolese officials with the help of an unidentified Israeli businessman. Gertler has denied any wrongdoing and hasn't been charged. Glencore cut ties with him and bought out his stakes in their joint ventures shortly after the Och-Ziff settlement.
>
> An SFO investigation would add to a growing list of legal challenges for Glencore. It's sought to distance itself from Russian oligarch Oleg Deripaska after the U.S. imposed sanctions in April. Glencore is also fighting Gertler over royalties he says the company still owes after they parted ways. And Glencore's state-owned partner in Congo is trying to dissolve a local operation, saying Glencore has overburdened it with debt. The Glencore unit says the debt situation is solvable and dissolving the business is premature.
>
> \* \* \*
>
> Gertler and Glencore first invested together in a Congolese mine in 2007 and developed a close partnership over the years in the Mutanda and Katanga Mining copper and cobalt operations. In 2012, Glencore Chief Executive Officer Ivan Glasenberg said Gertler had been a "supportive" shareholder in Katanga Mining and that his involvement helped attract foreign investment to Congo.
>
> An "SFO investigation would represent a real breakthrough in the fight to keep London-listed corporations accountable for the business they do overseas," Peter Jones from advocacy group Global Witness said in an email. "If an investigation is launched, Glencore's management is going to have to explain the opaque deals it struck with Gertler which cost the Congolese people over half a billion dollars in potential revenues."

20. On this news, shares of GLNCY fell $0.55 per share or over 5% to close at $10.13 per share on May 18, 2018, damaging investors. Shares of GLCNF fell $0.32 per share or nearly 6% to close at $5.06 per share on May 18, 2018, damaging investors.

21. On July 3, 2018, pre-market, Glencore disclosed that the U.S. Department of Justice issued its subsidiary a subpoena to produce documents and other records in connection with its compliance with U.S. money laundering statutes and the Foreign Corrupt Practices Act. The announcement stated, in relevant part:

7

> **Subpoena from United States Department of Justice**
> **Baar, Switzerland, 3 July, 2018**
> Glencore Ltd, a subsidiary of Glencore plc, has received a subpoena dated 2 July, 2018 from the US Department of Justice to produce documents and other records with respect to compliance with the Foreign Corrupt Practices Act and United States money laundering statutes. The requested documents relate to the Glencore Group's business in Nigeria, the Democratic Republic of Congo and Venezuela from 2007 to present.
>
> Glencore is reviewing the subpoena and will provide further information in due course as appropriate.

22. On this news, shares of GLNCY fell $0.86 per share or over 9% to close at $8.31 per share on July 3, 2018, damaging investors. Shares of GLCNF fell $0.41 per share or nearly 9% to close at $4.20 per share on July 3, 2018, damaging investors.

23. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than defendants who acquired Glencore securities publicly traded OTC during the Class Period, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of Glencore, members of the Individual Defendants' immediate families and their legal representatives, heirs, successors or assigns and any entity in which Officer or Director Defendants have or had a controlling interest.

25. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Glencore securities were actively traded OTC. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained

only through appropriate discovery, Plaintiff believes that there are hundreds, if not thousands of members in the proposed Class.

26. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

27. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

28. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the Exchange Act were violated by Defendants' acts as alleged herein;
- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition and business Glencore;
- whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;
- whether the Defendants caused Glencore to issue false and misleading SEC filings during the Class Period;
- whether Defendants acted knowingly or recklessly in issuing false and SEC filing
- whether the prices of Glencore' securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

29. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

30. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Glencore shares met the requirements for listing, and were listed and actively traded OTC, a highly efficient and automated market;

- As a public issuer, Glencore filed periodic public reports with the SEC6;

- Glencore regularly communicated with public investors via established market communication mechanisms, including through the regular dissemination of press releases via major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

- Glencore was followed by a number of securities analysts employed by major brokerage firms who wrote reports that were widely distributed and publicly available.

31. Based on the foregoing, the market for Glencore securities promptly digested current information regarding Glencore from all publicly available sources and reflected such

information in the prices of the shares, and Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

32. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information as detailed above.

## COUNT I
### For Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder
### Against All Defendants

33. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

34. This Count is asserted against Defendants is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

35. During the Class Period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

36. Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;

- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

- engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of Glencore securities during the Class Period.

37. Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of Glencore were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of Glencore, their control over, and/or receipt and/or modification of Glencore's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning Glencore, participated in the fraudulent scheme alleged herein.

38. Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other Glencore personnel to members of the investing public, including Plaintiff and the Class.

39. As a result of the foregoing, the market price of Glencore securities was artificially inflated during the Class Period. In ignorance of the falsity of Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of Glencore securities during the Class Period in purchasing Glencore

securities at prices that were artificially inflated as a result of Defendants' false and misleading statements.

40. Had Plaintiff and the other members of the Class been aware that the market price of Glencore securities had been artificially and falsely inflated by Defendants' misleading statements and by the material adverse information which Defendants did not disclose, they would not have purchased Glencore securities at the artificially inflated prices that they did, or at all.

41. As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

42. By reason of the foregoing, Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchase of Glencore securities during the Class Period.

## COUNT II
### Violations of Section 20(a) of the Exchange Act
### Against the Individual Defendants

43. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

44. During the Class Period, the Individual Defendants participated in the operation and management of Glencore, and conducted and participated, directly and indirectly, in the conduct of Glencore's business affairs. Because of their senior positions, they knew the adverse non-public information about Glencore's misstatement of revenue and profit and false financial statements.

45. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Glencore's

financial condition and results of operations, and to correct promptly any public statements issued by Glencore which had become materially false or misleading.

46.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Glencore disseminated in the marketplace during the Class Period concerning Glencore's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Glencore to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Glencore within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Glencore securities.

47.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Glencore.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff, on behalf of himself and the Class, prays for judgment and relief as follows:

(a)     declaring this action to be a proper class action, designating plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating plaintiff's counsel as Lead Counsel;

(b)     awarding damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

awarding plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d) awarding plaintiff and other members of the Class such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: July 9, 2018 Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/Laurence M. Rosen
Laurence M. Rosen
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*