UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

HENRY CHURCH VI, *individually and on behalf of all others similarly situated*,

    Plaintiff,

v.

GLENCORE PLC, IVAN GLASENBERG, and STEVEN KALMIN,

    Defendants.

Case No. 18-cv-11477 (SDW)(CLW)

**OPINION**

December 12, 2018

**WIGENTON**, District Judge.

Before this Court are Movant Randall Seymour's ("Movant Seymour") and Movant Michael Pera's ("Movant Pera") competing Motions to Appoint Lead Plaintiff and for Approval of Selection of Lead Counsel, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §§ 78u-4(a)(3)(B)(i) and 4(a)(3)(B)(v). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78. For the reasons stated herein, Movant Seymour's motion is **GRANTED** and Movant Pera's motion is **DENIED**.

**I.     BACKGROUND & PROCEDURAL HISTORY**

This Court writes exclusively for the parties, who are familiar with the procedural and factual history of this case, and will set forth only those facts necessary to this Court's analysis. On July 9, 2018, Plaintiff Henry Church VI ("Plaintiff") filed this putative class action, alleging that Defendants Glencore PLC ("Glencore"), Ivan Glasenberg ("Glasenburg"), Glencore's Chief

1

Executive Officer, and Steven Kalmin ("Kalmin"), Glencore's Chief Financial Officer, (collectively, "Defendants") violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5, which was promulgated thereunder. (Compl. ¶¶ 1-2, 7-9, ECF No. 1.)

In short, the Complaint alleges that Glencore, a company that "engages in the production, refinement, processing, storage, transport and marketing of metals and minerals, energy products, and agricultural products worldwide," has common stock that trades on the OTC Exchange under the ticker symbols "GLCNF" and "GLNCY." (*Id*. ¶ 7.) From September 30, 2016 through July 2, 2018 (the "Class Period"), Defendants made false and/or misleading statements and/or failed to disclose adverse facts relating to an ensuing bribery investigation into Glencore. (Compl. ¶¶ 1, 18-19.) After news of the investigation was published, Glencore's common shares declined in market value, damaging investors. (*Id*. ¶¶ 19-22.)

"On May 18, 2018, *Bloomberg* reported that the U.K.'s Serious Fraud Office was preparing to open a formal bribery investigation into Glencore." (*Id*. ¶ 19.) That same day, the share price of GLNCY dropped $0.55 per share, and GLCNF dropped $0.32 per share. (*Id*. ¶ 20.) On July 3, 2018, Glencore disclosed that it had received a subpoena from the United States Department of Justice with respect to the company's compliance with the Foreign Corrupt Practices Act and United States money laundering statutes. (*Id*. ¶ 21.) That same day, shares of GLNCY fell $0.86 per share, and GLCNF fell $0.41 per share. (*Id*. ¶ 22.) Plaintiff contends that he and other class members were damaged as a result of Defendants' wrongful acts and omissions. (*Id*. ¶ 23.)

On September 7, 2018, three competing Motions to Appoint Lead Plaintiff and for Approval of Selection of Lead Counsel were filed. (ECF Nos. 5, 9-10.) Opposition briefs were filed on September 17, 2018, and reply briefs were filed on September 24, 2018. (*See* ECF Nos.

12-13, 15-16.) The motion filed by Plaintiff Daniel Lowman was withdrawn on September 20, 2018. (ECF No. 14.) Thus, only the motions of Movants Seymour and Pera motions are before this Court.

## II. DISCUSSION

### A. Appointment of Lead Plaintiff

The PSLRA,[1] which governs securities class actions, sets forth a two-step procedure for appointing a lead plaintiff. First, the court must identify the most adequate plaintiff, i.e. the member "most capable of adequately representing the interests of the class members." *Sklar v. Amarin Corp. PLC*, Nos. 13-cv-06663 (FLW) (TJB), 13-cv-07210 (FLW) (TJB), 13-cv-07793 (FLW) (TJB), 13-cv-07794 (FLW) (TJB), 2014 U.S. Dist. LEXIS 103051, at *15 (D.N.J. July 29, 2014) (citing 15 U.S.C. § 78u-4(a)(3)(B)(i)). The court makes this determination by "adopt[ing] a presumption that the most adequate plaintiff is the movant that has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *In re Cendant Corp. Litig.*, 264 F.3d 201, 222 (3d Cir. 2001) (citing 15 U.S.C. § 78u-4(a)(3)(B)(i) & (iii)(I)) (internal quotation marks omitted).

Second, the Court must determine whether any other plaintiff has proven that the presumptive most adequate plaintiff would not, in fact, be an adequate lead plaintiff and representative of the other claimants. *Id.*, 264 F.3d at 222. "The presumption 'may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff will not fairly and adequately protect the interests of the class or is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *Id.* (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

---

[1] Notice that the class action had been filed was published contemporaneously over *Business Wire* in compliance with 15 U.S.C. § 78u-4(a)(3)(A)(i). (Korsinsky Decl. Ex. C, ECF No. 7.)

*1. Largest Financial Interest*

In determining which movant has the largest financial interest, the Third Circuit has identified three non-exclusive factors that should be considered: "(1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiff[] during the class period; and (3) the approximate losses suffered by the plaintiff[]." *Id.* at 262 (citations omitted).

Movant Seymour indicates that during the Class Period he purchased 8,000 GLCNF shares at a cost of $45,600.00, and sustained losses in the amount of $11,930.91. (Korsinsky Decl. Ex. B.; Seymour Moving Br. at 8, ECF No. 6.) Movant Pera indicates that he purchased 1,500 GLNCY shares at a cost of $16,339.95, and suffered financial losses of $4,025.28 during the Class Period. (Ecklund Decl. Ex. C., ECF No. 10-2; Pera Moving Br. at 5, ECF No. 10-1.) Based on these numbers, it is apparent that Movant Seymour has the largest financial interest in this litigation.[2]

*2. Rule 23(a)*

This Court must determine whether the movant with the greatest financial interest satisfies the typicality requirement of Rule 23(a)(3) and the adequacy requirement of Rule 23(a)(4). *In re Cendant Corp. Litig.*, 264 F.3d at 263 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)); Fed. R. Civ. P. 23(a).

---

[2] This Court notes that Movant Pera requests for the first time in his opposition to either separate the two classes of securities purchasers (GLCNF and GLNCY) into separate class actions and to appoint him as lead plaintiff for the GLNCY shares, or alternatively to appoint him as co-lead plaintiff in the instant action. (Pera Opp'n Br. at 2, ECF No. 13.) Movant Pera's requests are denied. This litigation was commenced "on behalf of persons or entities who purchased or otherwise acquired publicly traded Glencore securities" during the Class Period. (Compl. ¶ 1.) Thus, Movant Seymour has the largest financial interest, notwithstanding the fact that he only purchased GLCNF shares.

a. Typicality Requirement

> [I]n inquiring whether the movant has preliminarily satisfied the typicality requirement, [the court] should consider whether the circumstances of the movant with the largest losses "are markedly different or the legal theory upon which the claims [of that movant] are based differ[] from that upon which the claims of other class members will perforce be based."

*In re Cendant Corp. Litig.*, 264 F.3d at 265 (*quoting Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1998)). Indeed, the requirement of Rule 23(a)(3) "is designed to align the interests of the class and the class representatives so that the latter will work to benefit the entire class through the pursuit of their own goals." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 531 (3d. Cir. 2004). However, it does not require "that all putative class members share identical claims." *Id*. at 532.

Here, Movant Seymour satisfies the typicality requirement of Rule 23(a)(3) because his claims arise from the same set of events and conduct that gives rise to other class members' claims (i.e., Defendants' false or misleading statements and failure to disclose facts related to the bribery investigation which allegedly caused Glencore's common shares to decline in market value). His legal theories, as would be true for other class members, will be based on Defendants' alleged violation of federal securities laws, and class members' reliance on those misstatements to their detriment.

b. Adequacy Requirement

In considering whether the movant has satisfied the adequacy requirement, courts should consider whether the movant "has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class." *Stires v. Eco Science Sols., Inc.*, Nos. 17-3707(RMB/KMW), 17-3760(RMB/KMW), 17-5161(RMB/KMW), 2018

5

U.S. Dist. LEXIS 25088, at *11 (D.N.J. Feb. 13, 2018) (quoting *In re Cendant Corp. Litig.*, 264 F.3d at 264-65). This assessment requires courts to consider two additional factors. The first is "whether the movant has demonstrated a willingness and ability to select competent class counsel and to negotiate a reasonable retainer agreement with that counsel[.]" *Id.* (quoting *In re Cendant Corp. Litig.*, 264 F.3d at 265). The second factor, however, "arise[s] only when the movant with the largest interest in the relief sought by the class is a group rather than an individual person or entity." *Id.* (quoting *In re Cendant Corp. Litig.*, 264 F.3d at 266).

Movant Seymour satisfies the adequacy requirement under Rule 23(a)(4) because he is able and incentivized to represent the class vigorously; he has retained counsel that is experienced in litigating securities class actions (Korsinsky Decl. Ex. D.); and there appears to be no conflict between his claims and those asserted on behalf of the class. Because Movant Seymour seeks to serve as lead plaintiff in his individual capacity, this Court need not address the second factor. Based on the above analysis, this Court identifies Movant Seymour as the most adequate plaintiff.

### 3. Rebuttal of Presumption

Having determined that Movant Seymour is the most adequate plaintiff, the Court next considers whether "anyone can prove that [he] will not do a fair and adequate job." *In re Cendant Corp. Litig.*, 264 F.3d at 268 (internal quotation marks and alterations omitted). In his opposition, Movant Pera attempts to rebut this presumption by arguing that there is a fundamental conflict of interest between those invested in the GLCNY securities and those invested in the GLCNF securities, and that Movant Seymour's interests are antagonistic with those of the other members of the class. (Pera Opp'n Br. at 2, 4-6.) However, Movant Pera's assertion of a conflict between the GLNCY securities and the GLCNF securities is not

persuasive. This Court notes that Movant Pera did not raise this issue initially, and he did not take any action to separate these classes of securities prior to the time Movant Seymour filed a competing motion for appointment as lead plaintiff. Importantly and to the contrary, Movant Pera previously represented to this Court that he "is not aware of any conflict that exists between his claims and those asserted on behalf of the Class." (Pera Moving Br. at 7.) Accordingly, Movant Pera has failed to set forth any assertions that would rise to the level of proof required to rebut the presumption that Movant Seymour is the most adequate plaintiff.

### B. Selection of Lead Counsel

The PSLRA provides that "the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *In re Cendant Corp. Litig.*, 264 F.3d at 222-23 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(v)). The Third Circuit has indicated that a court should defer to the lead plaintiff's choice of counsel and intervene only if necessary to protect the interests of the class. *Id.* at 273-74. Movant Seymour requests that this Court appoint Levi & Korsinsky LLP to serve as lead counsel. Levi & Korsinsky LLP is a national law firm with extensive experience litigating securities class actions. (Korsinsky Decl. Ex. D.) Because this Court finds no reason to disapprove of Movant Seymour's selected counsel, Levi & Korsinsky LLP will be appointed as lead counsel for this action.

### III. CONCLUSION

For the reasons set forth above, Movant Seymour's Motion is **GRANTED** and Movant Pera's Motion is **DENIED**. An appropriate order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig: Clerk
cc: Cathy L. Waldor, U.S.M.J.
Parties